Good morning, your honors. May it please the court. Adam Boyd on behalf of the petitioner Naeem Khan, a detained immigrant. The primary question in today's case is whether or not this court has jurisdiction to review the BIA's decision reversing the immigration judge's grant of cancellation of removal for lawful permanent residents. That question largely turns on whether the issue of rehabilitation is a fact or a factor. The issue in the case is whether or not the BIA can reverse a factual finding of the immigration judge. It's undisputed that a grant of cancellation of removal necessarily involves balancing a certain number of factors outlined in Matter of Marin. One of those factors where there is criminal history is whether or not an individual has been rehabilitated. When it comes to weighing those factors against each other, this court does not have jurisdiction to review what the BIA does. As an example, if the BIA says, we think the recency of criminal history is the most important factor, this court would not have jurisdiction to review that decision. Mr. Khan does not dispute that fact. What he does dispute is when the BIA says, the IJ erred in finding that Mr. Khan was rehabilitated. This case largely comes down to one sentence in the BIA's decision. In that sentence, the BIA reveals critically that it wasn't conducting clear error review because it only said that the IJ erred in finding that Mr. Khan had demonstrated sufficient evidence of rehabilitation. That sentence includes the word sufficient. One way to read that is, the IJ found that he was rehabilitated. We think he's not. That's how you're suggesting we read it. Another way to read that is, sufficient rehabilitation means rehabilitation that would be sufficient when weighed against the other factors. In saying he hasn't demonstrated sufficient rehabilitation, we're saying it doesn't outweigh the other factors. Why isn't that the way to read it? Certainly, I think that one could read that sentence in isolation that way. But when you look at the totality of the BIA's decision, when they discuss Mr. Khan not taking responsibility for his criminal conduct by making an offhand remark to the court, by demonstrating that he hasn't really accepted the consequences, it's clear that they're going to the underlying factual issue there, rather than saying this factor doesn't outweigh the recency of the criminal history in our mind. To me, that sounds more like a degree of rehabilitation. The IJ said he was rehabilitated, but then the BIA's saying, well, he might be, but he's not sufficiently rehabilitated because there's these other facts. If it's a degree of rehabilitation, is that jurisdiction or not jurisdiction? I think that that's parsing what it means to be rehabilitated. In our view, either an individual is rehabilitated, which means that they're not likely to re-offend, or they're not rehabilitated. And I don't think Matter of Marin talks about rehabilitation as a sliding scale or, I know it's kind of hard to think about these things in bright line rules, but when the IJ says you are rehabilitated, I don't think that you're likely to re-offend. I do think that you've taken responsibility for the crimes by, as an example, signing your plea agreement in your own hands, taking responsibility on the stand, changing your application to say that you were a habitual drunkard. And then the BIA comes in and says, I'm going to undercut those factual findings by saying, no, there is no rehabilitation. We're talking about an actual factual issue rather than where on the scale of rehabilitation does this case fall. So I would say that rehabilitation is much more of a bright line rule. On-off switching. Is there something, I don't know, is there support for that view that rehabilitation is an on-off switch, you're rehabilitated or you're not? In normal life, it doesn't seem that way. I mean, like, if you have an addiction, for example, and you're sober, it doesn't mean that you can never relapse. I think that there would be a point in time where categorically you could say, you know, somebody has demonstrated that they are rehabilitated. That doesn't mean that 100 percent they are never going to relapse, as you say. But it is pretty clear when somebody has taken responsibility for their actions, when they're taking steps to correct those, as in this case, maintain sobriety, gotten certificates of sobriety. Those things demonstrate a likelihood not to reoffend. And critically, in other cases, this court has treated rehabilitation as a factual finding that's cited in our brief. In habeas cases where this court is limited to clear error review, it's treated the issue of rehabilitation as a factual determination and deferred to the district court's determination on whether or not an individual is actually rehabilitated. So while it may feel a little uncomfortable because a person who is rehabilitated may reoffend, I do think that there is a bright line where you can say somebody either has demonstrated rehabilitation or has not. So now, assuming that we take what you're saying is true, that it is a factual matter and the BIA reversed it, why did the BIA not appropriately use the clear error standard? So the boilerplate recitation of the standard of review is never sufficient for this court to say, yes, the BIA used the clear error review. Under clear error review, they would have to say no series of facts would support what the IJ found with respect to rehabilitation. They didn't do that. What they did was they said, we don't think that this person is rehabilitated because he has this one offhand comment about his wife and children calling him during the period when he had the no contact order. So he was saying that he was getting mixed messages. They took that as him not accepting responsibility. That's not clear error review of the issue of rehabilitation. Why is that not enough? I mean, the other point I saw, he was in custody for a full year after this incident. And so how long was he out? He was demonstrated how he would act in public, I mean, under a criminal court. So the issue was the timing of his sobriety. It overlapped with the period of time when he had the no contact orders. And so he was dealing with a really difficult issue of alcohol, I guess, withdrawal. And that made it very difficult for him to follow the court's orders. Eventually, when he got his act together, he signed a plea agreement saying, yes, I did all of these things. I'm trying to take responsibility. He was a model inmate. He was in jail. He reached out to his community who were continually supporting him while he was in detention. And the IJ found that all of these things demonstrated that he was rehabilitated. His commitment to not drink alcohol anymore was the primary motivating factor for that. He was in custody. So how do we know? That's what I took the IJ, the BIA, saying. He's in custody. How are we supposed to know he's actually rehabilitated? And that would be totally fine if they engaged in the clear error review of the IJ's finding that he was rehabilitated. And that's all we're asking the BIA to do is say it was actually clear error, not that the IJ erred, but that he clearly erred in finding that Mr. Khan was rehabilitated. So with that last sentence you pointed out in the beginning, if they just put the word clearly erred in front of erred, then we would not be here. Well, I think then we'd be talking a lot more about whether or not the facts that they didn't do that. They didn't meaningfully engage in the IJ's determination that he was rehabilitated. I don't want to cut into your rebuttal, but I was going to say I'm all reserved for rebuttal, but I'll... This would be a somewhat different order than the one we had, but if they had said, we view this as a factual finding, we're applying clear error, but we think the IJ clearly erred. Is it your view that if we thought, no, it wasn't really clear error, that that would necessarily be reviewable? In other words, is any misapplication of the clear error standard a legal error that's reviewable? Yes. This court has repeatedly done such things where the BIA has said, we're engaging in clear error review, and this court looks behind their decision and says, no, that's not actually what clear error review is. That's because it's a due process issue. And whether the BIA is actually doing what it's supposed to do is something that is not immune from review of this court. So I'd like to reserve the last 46 seconds. I'll give you a couple of minutes for rebuttal. All right. Thank you. The Attorney General Merrick Garland in this matter. Your Honors, this court should dismiss this petition for review. The court is barred under 8 U.S.C. 1252 A2BI from reviewing the board's discretionary determination regarding cancellation. And here the board denied cancellation as a matter of discretion because the negative factors in the case outweigh the positive equities. Because the court lacks jurisdiction to review this determination, it should dismiss the petition for review. While the court retains jurisdiction to consider questions of law and constitutional claims, there are no meritorious questions of law presented here. Petitioner's contention that the board applied the wrong standard of review and engaged in without merit. The board here stated the proper standard of review, indicating it was reviewing facts for clear error and other issues including discretionary determinations de novo. The board also properly applied the proper standard of review here. Here the dispute is whether or not discretion is warranted. And the board reviews that determination de novo. The board here considered the negative factors in the case, including... Let's talk about what the BIA did here. So did it reverse the rehabilitation finding under a clear error standard? Or did it say that the rehabilitation as a factor wasn't enough to grant this discretionary relief? Yes. So the government's position here is that the issue of rehabilitation is a factor to be considered, not a fact to be reviewed. The board has said that in published decisions, including matter of CVT, which is cited in the government's brief in matter of Marin. In matter of CVT, what the board said about... So the problem with that is there's language I think that supports both views. You know, first it says disagree with the IJ that the respondent had established sufficient rehabilitation. And that supports your view. But then the last sentence in that paragraph says the BIA erred in finding that the respondent had demonstrated rehabilitation. That kind of supports the factual overturning view, right? How do you reconcile that and those two different phrasings? So the government's view that what's really happening here is what the board is saying when it says that there is not sufficient evidence of rehabilitation here. And when we look at that sentence and we also look at the context, here we have a four-page board decision where it refers back to the immigration judge's findings that are relevant to the factor of rehabilitation. It's referring back to the immigration judge's decision regarding the predicate facts, referring back to the transcript and exhibits. It even acknowledges that the immigration judge found that these particular pieces of evidence were indicative of rehabilitation. But the board then reweighs that same evidence and disagrees and then it says this isn't sufficient rehabilitation. I get the court's point that we have additional language further, but here that would just be the board saying this factor isn't favorable to you. And that's something that if we look at the other cases, well, for example, in matter of CDT, the board, I know your honor asked the question of is this an on-off switch, something that's found or not found. And just to respond to that, there is some support in matter of CDT that it isn't an on-off switch. The board in CDT said rehabilitation isn't a prerequisite. Evidence of rehabilitation is something to be considered as a factor. And there the board used the same language that we have the board using here in this case where they said the evidence of rehabilitation is insufficient for this factor to be favorable to the applicant. But in getting to that conclusion, I mean, the board also made some statements that do seem more sort of specifically factual. So for example, they said that he had sort of expressed a lack of remorse and minimized his offense. And the IJ made sort of specific comments about, you know, his testimony that seemed contrary to that. So what are we to do with that? So how can we reconcile that? Well, remorse isn't the same thing as rehabilitation. And neither is a statutory requirement or a hurdle that an applicant must demonstrate. And here what the immigration judge... What he said in his testimony is clearly factual, right? And the IJ said, you know, he admitted to his violation. And what the board said about that seems, you know, seems contrary to that. Not necessarily contrary. What the immigration judge said was that the applicant had expressed remorse. And I believe what the board was saying, referring to the undisputed fact of the testimony where the applicant, in this case, Mr. Kahn, said that he, that the victim of his crime had called him instead of vice versa. And what the board is saying is that that demonstrates, that's indicative of a lack of remorse. That's not necessarily contrary to the immigration judge saying that an applicant might express remorse. And I just would note that this similar fact pattern... You know, let me follow up on that same point. Because while the BIA decision really does purport to apply clear error review, in the discussion of the facts, it reads very much like, well, we don't agree with the import of the same set of facts, right? We're going to basically re-weigh those facts. And so it's not as if the BIA looked at the objective testimony and said, well, this basically, he said he was just responding. The BIA characterized it in a way that's really fundamentally different than the IJ. The IJ cited certain facts and said, you know, I think you've now fully accepted responsibility for your conduct. And here, the example, pled guilty, et cetera, et cetera. The BIA then picks a different portion of the testimony and doesn't just cite to that, says that that's victim blaming. You're minimizing your conduct. So to this day, you're minimizing your conduct. So that's really a factual... It reads to me, in context with the other factual discussions, like a factual finding by the BIA. So is that then not an application of clear error review? When there's really no explanation on how the IJ's factual findings were clearly erroneous. So the government would point to the other circuits, as we cited in our brief, who found that not to be fact-finding. And in the, for example, expressions of regret or remorse, those were evident in the Second Circuit cases in Noble, for example. There, the applicant had expressed regret, and the immigration judge found that evidenced good efforts at rehabilitation. And the board said they had reservations as to the extent or authenticity of that. And there, the Second Circuit said, the board was allowed to weigh that evidence and come to a different conclusion. And that wasn't fact-finding. And that's very similar to what we have here. Additionally, if we look at the Eighth Circuit's decision, also cited in the government's brief, for Retia Robles. And there we had similar circumstances where the immigration judge had found rehabilitation was a positive factor based on the evidence there. And there, the board disagreed. And there was a similar argument to make— Counsel, can I ask, because the BIA is not allowed to engage in fact-finding, is it allowed to cite facts that the IJ has not found? So in this case, it looks like the BIA is going to the transcript and is finding facts that the BIA— I'm sorry, that the IJ did not reference in his or her order. In other contexts, I believe that the courts have held that the board may look to undisputed facts when exercising discretion. But again, note here specifically that the issue concerned is rehabilitation. And here, with respect to rehabilitation, it's the government's position that what the board is doing is looking at the same evidence that was before the immigration judge and weighing it differently, coming to a different conclusion. The problem with that, though, it's citing different evidence than the IJ that the IJ didn't necessarily find. To me, that somewhat seems like fact-finding. I believe that it's not really citing new facts. They're citing to undisputed testimony, undisputed evidence, and perhaps weighing that differently with respect to rehabilitation or coming to a different conclusion as to what that— Well, that's the problem. How do we know if it's not disputed if the IJ didn't say it or find it? Well, and that's the nature of an undisputed fact. I believe here that the board is referencing the transcript and referencing the exhibits when it says that the evidence going towards or evidence pertaining to rehabilitation isn't adequate. And the government would just urge the court to find— But the problem is that it's citing to a selected portion of the transcript, one response taken out and then characterizing it as blaming the victim, which then demonstrates a lack of remorse, which then demonstrates a failure to accept criminal responsibility. So it's not just like a bare recitation of an undisputed fact. I mean, I think that had this been played out, maybe the IJ would have an explanation that would be sufficient to survive clear error review. You just can't really tell from the way the BIA wrote this whether that's the case. The government would just note that the very similar fact patterns, the Third Circuit in Blandestoy, the Eighth Circuit, the Seventh Circuit, and the Second Circuit have all found that when engaging and making a discretionary determination, the board can reweigh the facts and evidence in the record, in particular towards rehabilitation. But that was reweighing— I mean, the Second Circuit, at least, was quite explicit that there what was happening was the BIA was weighing rehabilitation against other factors. And they said expressly that if the BIA had declined to defer to factual findings regarding rehabilitation, that that would be reviewable. So, I mean, this goes back to the point you started with. You want us to view this as the board having weighed rehabilitation against other things. But if we think that what's happening here is the board is just making its own conclusion about whether, in fact, he was rehabilitated, then it doesn't seem like those other cases help you. Whether or not an applicant is rehabilitated or not rehabilitated isn't a hurdle. It isn't a bar. It isn't a prerequisite. What the IJ and the board consider are evidence relative to evidence pertaining to rehabilitation. And the board is permitted to look at that evidence and come to a different conclusion as to whether or not rehabilitation is a factor that cuts one way or the other. That's a permissible exercise of the board's discretionary authority. And the other circuits have found that that wasn't fact-finding when they did so. And the government would... Can I ask, though, if we find that that's not what happened here, that the BIA did overturn the factual determination, can you defend it? That this is a proper exercise of the clear error standard? The government's position would have to be consistent with matter of CVT that rehabilitation is a factor, not a fact. So I think we'd have to look at it in that context. The problem I have is that I agree with everything you're saying that rehabilitation is a factor, not a fact. But the problem is then the BIA is importing facts that the IJ did not find to then re-weigh that determination. So that does seem like fact-finding. So with respect to that, I don't think that the board is finding facts that the judge didn't find. The board is citing testimony and then drawing a conclusion as to how that weighs in the rehabilitation context. Isn't that fact-finding, though? That seems like fact-finding to me. The testimony of the petitioner would be undisputed fact. So I guess where the dispute might be is whether or not testimony blaming the victim shows a lack of remorse and whether or not that would be contrary to expressions of remorse. But that's viewing the evidence and how it weighs. And in the context we have here is you're looking at the evidence in the context of making a discretionary determination. And it's very similar to what happened in the Third Circuit in Landestory. There were expressions of remorse which the board expressed some doubts about and weighed that. So that's similar to what we have going on here in Noblesse. We had expressions of remorse and the board had doubted the authenticity of that given everything else that was evident in the record. So in those other cases very similar fact patterns as to what the board's doing versus what the immigration judge is doing and the courts are coming to the conclusion that the board is permitted to do that and that that is not impermissible fact-finding. Thank you, counsel. We've taken you over time but we appreciate your argument. Thank you again. Judge Miller, I think that you highlighted the main issue here and that is these are factual findings that we're making here. The board is engaging in what looks like factual review of what Mr. Kahn was doing, was saying and how they should weigh that. I think that that's clear based on their own language but based on the interaction with the government attorney. There's no way to look at this and say that these are undisputed facts. This is precisely the dispute at issue, whether or not Mr. Kahn was remorseful, whether or not he had shown proper rehabilitation. To say that the board can then go and look at those things and re-weigh them as factual issues is just completely absurd. To say that we're not contesting those facts found by the board is again completely absurd. We wouldn't have a chance to contest them until the board engages in this type of factual finding. I also think you're correct, Judge Miller, in that Noble does support our position that they're weighing factors. The court specifically said that if they went into the factual record there is room for the Second Circuit to review those types of decisions. The other decision cited by the government also supports our position. They didn't go into rehabilitation, they just said that the judge gave that particular factor too much weight in the overall analysis. That's not what the board is doing here in this case. What they're doing is they're going to the underlying factual record and telling us, no, you IJ, you got this factual finding incorrect. I don't think it's permissible for the court or for the board to engage in that kind of scrupulous fact culling without actually engaging in clear error of view and saying why their view... I think that's what happened. They went to the underlying record and said that the facts contradict this finding of rehabilitation. Why can't the board do that under a clear error of view? They could under a clear error of view, but they would have to explain why their view of the factual record as found by the IJ is not supported anywhere in the record. What more did they have to do in this decision? That's the main issue, is not saying look at what he said on page 10 of the transcript. That's more victim blaming than it is accepting responsibility. That does seem like clear error of view. If the IJ ignored certain facts in the record and the BIA thinks that that's significant and relevant, then that supports a clear error of finding. If the IJ actually ignored those facts in reaching his ultimate conclusion, then it might be clear error of view, but they would also have to say no facts in the record support your determination as the IJ. That's what clear error of view looks like. Is that clear error? No facts support? Or that there's no factual findings? I thought it was implausible, irrational, or unsupported by the record. Right, unsupported by the record, but there is record support for the IJ's findings. He points to Mr. Kahn's statements. He points to a bunch of evidence in the record about his rehabilitation. To be unsupported by the record is almost... There's no factual information that would support this actual conclusion. All right. Thank you very much, counsel. We appreciate arguments from both sides. The matter is submitted. We are adjourned. All rise. This court for this session stands adjourned. ... ... ...
judges: NGUYEN, MILLER, BUMATAY